# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,

        -vs-

RICHARD GUNTER,

        Defendant.

:    Criminal Action Nos. 3:99-cr-086
        &amp; 3:00-cr-066
    Civil Action Nos. 3:04-cv-256 &amp; 263

:    District Judge Walter Herbert Rice
    Chief Magistrate Judge Michael R. Merz

:

## ORDER ALLOWING AMENDMENT OF PETITIONS;
## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

These cases are before the Court on Defendant's Motions to Amend his original Motions Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence (Doc. No. 1024 in 3:99-cr-086; Doc. No. 41in 3:00-cr-066) and his Reply [Objections] to Magistrate's Report and Recommendation (Doc. No. 1025 in 3:99-cr-086; Doc. No. 42 in 3:00-cr-066).

The General Order of Reference for the Dayton location of court permits the Magistrate Judges to reconsider decisions or reports and recommendations when objections are filed.

The cases are also before the Court on Defendant's Motion to Clarify which essentially asks that his §2255 Motions be considered together. That Motion is granted.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 93 S. Ct. 227, 9 L. Ed. 2d 222 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may

1

> be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. The Court finds that allowing the amendment will further the prompt adjudication of this case on its merits and the amendment is accordingly allowed.

In his initial § 2255 Motion in both these cases, Defendant contended his conviction violated his right under the Sixth Amendment to trial by jury as recently interpreted by the Supreme Court in *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004). The asserted basis for applying *Blakely* is that Chief Judge Rice made a finding at sentencing in the 1999 case of the amount of drugs (cocaine) for which Mr. Gunter was responsible and increased his sentence under the United States Sentencing Guidelines based on that finding. He was sentenced to 188 months confinement and claims that the maximum to which he should have been sentenced was 60 months. The asserted basis for applying *Blakely* in the 2000 case is that Chief Judge Rice made a finding at sentencing of the amount of loss for which Mr. Gunter was responsible and increased his sentence under the United States Sentencing Guidelines based on that finding. He was sentenced to 120 months confinement. The Reports and Recommendations in both cases recommend that the §2255 Motions be denied because the *Blakely* and *Booker* decisions of the Supreme Court are not to be applied to cases on collateral review, citing *Goode v. United States*, 305 F. 3d 378 (6th Cir. 2002); and *Schiro v. Summerlin*, ___ U.S. ___ ,124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004).

Defendant argues that "retroactivity is not even an issue to be considered in Defendant's request for relief [because] . . . Defendant was sentenced on July 19, 2000, [n]early a month after *Apprendi* was decided." (Reply at 2.) However, the holding in *Goode* is that *Apprendi* is not to be

2

applied to §2255 Motions and can only be raised on direct appeal. Here the *Apprendi* argument was not made on direct appeal despite the fact that *Apprendi* was decided a month before sentencing, but is being made for the first time in a §2255 Motion, precisely the result prohibited by *Goode*. Of course, *Apprendi* alone would not have provided a basis for reversal on direct appeal, because the federal courts were not applying *Apprendi* to Sentencing Guidelines cases until *Booker* was decided in January, 2005. Thus failure to raise the argument on direct appeal did not constitute ineffective assistance of appellate counsel because the argument would not have prevailed. Therefore Defendant was not prejudiced by the failure to make the argument.

Defendant argues that *Booker* should be applied retroactively because the Supreme Court has held that decisions finding certain conduct not to be punishable as a matter of law will always be applied retroactively. When the Supreme Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the court's announcement of the rule. *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 113 S. Ct. 2510 (1993). New constitutional rules of criminal procedure will not be applicable to cases which have become final before the new rules are announced. *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). Only the Supreme Court itself can make a rule retroactively applicable to cases pending on collateral review. *Tyler v. Cain*, 533 U.S. 656, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001). "Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *In re Carl Green,* 144 F. 3d 384,

386 (6th Cir. 1998), citing *Caspari v. Bohlen*, 510 U.S. at 396. A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415, 110 S. Ct. 1212, 108 L. Ed. 2d 347 (1990). In *Goode*, the Sixth Circuit determined that Apprendi was not a "watershed" rule. It also does not place any private individual conduct beyond the power of the State to punish, as Defendant contends. There is no prohibition on punishing possession of greater quantities of cocaine more harshly than possessing smaller quantities or punishing more severely those offenders who cause greater losses than other offenders convicted of the same crime.

In addition to the denial of jury trial claim made in his original §2255 Motions, Defendant contends in his amendment to the §2255 Motions

(1) that he received ineffective assistance of trial counsel because counsel failed to object to the sentence under *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970);

(2) the government "failed to state an offense against the United States as applicable under the statutes and the United States Sentencing Guidelines "in a reasonable and constitutional manner";

(3) that applying career offender status to a Defendant convicted of conspiracy is unconstitutional, relying on *United States v. Price*, 990 F. 2d 1367 (D.C. Cir. 1993);

(4) counsel failed to object to application of "codes as not being statutes at large in the Indictment"; and

(5) counsel failed to "cause a downward departure based upon Petitioner's diminished capacity. (Motion for Leave to Amend at 2-5.)

The first of these new claims is without merit. It merely chooses a different starting point in the chain of precedents which led to *Booker*. But making an objection under *Winship* would have been no more likely to prevail at trial or on appeal than making an objection under *Apprendi*.

The second claim is also without merit. The Indictment in the 1999 case and the Information

4

in the 2000 case plainly state offenses against the United States.  In addition, any such objection to the form of the charging document must be made before trial.

The third claim is without merit because the Sixth Circuit Court of Appeals has expressly rejected *Price* and followed the majority of other circuits in upholding career offender status for those convicted of conspiracies.

> We find the majority position to be more persuasive. Based on principles of statutory interpretation, deference, and logic, as well as the legislative history of 28 U.S.C. § 994(h), we hold that the Sentencing Commission did not exceed its statutory authority by including conspiracy within the definition of a "controlled substance offense" under the career offender guidelines. Accordingly, the district court did not err in determining that a conspiracy to possess cocaine with intent to distribute may be used to classify defendant as a career offender.

*United States v. Williams*, 53 F.3d 769, 772 (6th Cir., 1995).

The fourth claim is without merit because there is no constitutional requirement that offenses be charged in terms of the Statutes at Large instead of the applicable section of Title 18 of the United States Code.  Certainly there is no way in which charging in that manner violates a criminal defendant's right to notice of the charges against him or her.

In his fifth claim, Defendant asserts that he would have obtained a downward departure for diminished capacity, instead of being found to be untruthful by the District Judge, if his counsel had merely presented "the proper test, or experts, doctors, etc."  This claim is completely speculative: Defendant has not presented with his amendment any such tests or evidence from experts or doctors which the Court could consider.  Given the complete absence of any evidence, Defendant has not shown that he was prejudiced by the failure to his attorney to make this argument.

Accordingly, it is again recommended that Defendant's §2255 Motions be denied and the he likewise be denied leave to appeal *in forma pauperis* and any requested certificate of

5

appealability.


February 19, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).