# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,
:
    Plaintiff,                              Criminal Action Nos. 3:99-cr-086
                                                  & 3:00-cr-066
                                            Civil Action Nos. 3:04-cv-256 & 263

:        District Judge Walter Herbert Rice
   -vs-                                           Chief Magistrate Judge Michael R. Merz

RICHARD GUNTER,
:
    Defendant.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

These cases are before the Court on Defendant's Response to this Court's Order Allowing Amendments to the Petitions and to the Supplemental Report and Recommendations (Doc. No. 1029). The Response filed within the time allowed for objections to the Supplemental Report and Recommendations and will be treated as such. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

In his Response, Defendant again argues for the application on collateral review of the Supreme Court's decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005). In *Humphress v. United States*, 398 F. 3d 855 (6th Cir. 2005), the court held *Booker* does not apply to cases pending on collateral review. Under *Teague*, the court held *Booker* constitutes a new rule because it was not dictated by *Blakely*. It plainly does not fall within the first *Teague* exception for rules forbidding punishment of certain primary conduct.

> The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. We have repeatedly emphasized the limited scope of the second *Teague* exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt[that it is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second *Teague* exception.

*Humphress*, 398 F. 3d at ___, quoting *Beard v. Banks*, 124 S. Ct. 2504 at 2513-14 (2004). *Humphress* plainly controls Petitioner's argument for application of *Booker* to his case.

Perceiving that he may not achieve success under 28 U.S.C. §2255, Defendant requests this Court to "re-characterize the Motions filed either as a Rule 60(b) motion to correct the sentence only, as this Circuit has ruled as acceptable procedure, or to re-characterize the motion as a section 3742, and allow a correction of said filing to occur to the Court of Appeals."

The Magistrate Judge is unaware of any ruling by the Sixth Circuit which allows a Fed. R. Civ. P. 60(b) motion to be used to correct an allegedly incorrect sentence. The Circuit has recently allowed a Rule 60(b) motion as a method for a district court to reconsider its prior judgment in a §2254 or §2255 case when "the factual predicate in support of the motion attacks the manner in which the earlier habeas judgment was procured and is based on one or more of the grounds enumerated in Rule 60(b)." *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 177 (6th Cir., 2004). However, that is not at all what Defendant seeks here and "re-characterization" of his Motion as made under Fed. R. Civ. P. 60(b) would not permit a different result. Likewise, re-characterizing the Motions as appeals under 18 U.S.C. §3742 would not change the result because that statute makes no provision for filing an appeal as late as Defendant would be doing so.

It is again respectfully recommended that both §2255 Motions be denied and Defendant be denied leave to appeal *in forma pauperis* and a certificate of appealability.

May 2, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).