UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:99-CR-086-6 |
| | : | |
| | : | UNITED STATES' RESPONSE IN |
| v. | : | OPPOSITION TO DEFENDANT'S |
| | : | MOTION TO REDUCE SENTENCE |
| | : | |
| RICHARD B. GUNTER | : | SENIOR JUDGE WALTER RICE |

- - - - - - - - - - - - - - - - - - - -

Now comes the United States which respectfully requests that this Court deny the defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). In short, the defendant is not eligible because he was determined to be a career offender.

## MEMORANDUM

On September 14, 1999, a federal grand jury returned an indictment against Richard Gunter and a number of others for, *inter alia,* conspiracy to possess with intent distribute in excess of five kilograms of cocaine. (Doc. 13). Gunter pled guilty to the charge on July 20, 2000. (Doc. 280: Minute Entry). The United States Probation Department conducted an independent investigation and determined that Gunter was a career offender pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4B1.1(a). (See PreSentencing Investigation Report "PSR" at ¶ 86). The Court adopted the recommendation in the PSR that Gunter be considered a career offender. (*See* Doc. 822). However, the Court departed from the guideline range of 262-327 months and sentenced Gunter to 188 months to run concurrently with a sentence of 120 months he received for Case No. 3-00-66. (*See id.*). The Court stated that it departed because Gunter's career criminal status significantly overrepresented the seriousness of past criminal conduct and

the likelihood of recidivism. (*See id.*). While the Court did not mention it was departing based on U.S.S.G. § 4A1.3, we believe that was the basis of its departure.

Contrary to Gunter's beliefs, a career offender is ineligible even if the district court, at the original sentencing proceeding, departed below the career offender guideline range upon determining under U.S.S.G. § 4A1.3 that career offender status overrepresented the severity of the defendant's criminal history. *See* U.S.S.G. § 1B1.10, *Application note* 1 (providing that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).”

Under the version of Section 1B1.10 in effect prior to November 2011, the appellate courts were divided regarding whether a defendant was eligible for a sentencing reduction based on a retroactive amendment to the crack guideline notwithstanding his status as a career offender, where the sentencing court at the original sentencing proceeding had departed under Section 4A1.3. The Sixth Circuit held that such a defendant was ineligible. *See United States v. Pembrook*, 609 F.3d 381, 384 (6th Cir. 2010).[1] The Sentencing Commission's 2011 amendment resolved this issue, making clear that a departure is not relevant.

---

[1] *See also United States v. Guyton*, 636 F.3d 316 (7th Cir. 2011) (case involving a departure under § 5K1.1 rather than § 4A1.3); *United States v. Blackmon*, 584 F.3d 1115, 1116-17 (8th Cir. 2009); *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010). Others disagreed and allowed sentencing reductions. *United States v. Cardosa*, 606 F.3d 16, 18-22 (1st Cir. 2010); *United States v. McGee*, 553 F.3d 225, 229-30 (2d Cir. 2009); *United States v. Flemming*, 617 F.3d 252 (3d Cir. 2010); *United States v. Munn*, 595 F.3d 183, 192-93 (4th Cir. 2010).

Cases addressing the 2011 amendment have accordingly denied relief in this situation. *See, e.g.*, *United States v. Ware*, 694 F.3d 527 (3d Cir. 2012); *United States v. Pratt*, 488 F. App'x 845 (5th Cir. 2012) (unpublished); *United States v. Hippolyte*, 712 F.3d 535 (11th Cir. 2013); *United States v. Kindle*, 2012 WL 161300 (C.D. Ill. 2012); *United States v. Castro*, 841 F. Supp. 2d 655 (E.D.N.Y. 2012); *United States v. Ponder*, 2012 WL 1570845 (S.D.N.Y. 2012). Indeed, in *United States v. Flemming*, 2012 WL 33019, *4 (E.D. Pa. 2012), the court addressed the same case in which the Third Circuit had earlier held that a career offender who received a downward departure to the crack range was eligible for a sentencing reduction. The district court found that the same defendant was not eligible under the 2011 amendment, in light of the Sentencing Commission's amendment to Section 1B1.10 to resolve the Circuit split.[2] *See United States v. Muldrow,* 2015 WL 4639483 (D. Md. 2015) (same result under 2014 amendment).

---

[2] The Third Circuit's decision in *Ware* reversed a district court opinion, *United States v. Ware*, 840 F. Supp. 2d 850 (E.D. Pa. 2012), in which the district court held that where at the original sentencing proceeding it granted a variance below the career offender range, and specifically determined the sentence in relation to the otherwise applicable range for a crack cocaine offense, the court had authority to reduce the sentence based on a reduction in the crack guideline range. Other courts expressed disagreement with the district court's *Ware* opinion before it was reversed. *See, e.g.*, *United States v. Mobley*, 2012 WL 2865780 (M.D. Fla. 2012); *United States v. Jenkins*, 2012 WL 1150496, *7-8 (D. Neb. 2012) (rejects *Ware*); *United States v. Hilliard*, 2012 WL 425968, *5-6 (W.D. Pa. 2012); *United States v. Lyghts*, 2012 WL 829513 (E.D. Wash. 2012).

*United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012), does not support a different result. In that case, the court suggested that a career offender who received a variance to the crack range might, on remand, receive a lower sentence in light of a subsequent reduction in the crack range. The Sixth Circuit has itself made clear that *Jackson* is inapplicable to § 3582(c)(2) motions, noting that *Jackson* involved "the unusual procedural posture" of "a direct appeal in the immediate wake of the Fair Sentencing Act after a district judge explicitly delayed sentencing in hopes of the Act's immediate passage." *United States v. Riley*, 726 F.3d 756, 761 (6th Cir. 2013). In contrast, the court's "pre- and post-*Jackson* case law indicat[e] that career offenders are not eligible for sentence reduction under Amendment 750 and similar amendments." *Id.* Thus, the Sixth Circuit held in the latest decision in Jackson's case that § 1B1.10's limitations on sentencing reductions under § 3582(c)(2) prohibited the district court from reducing Jackson's sentence below the bottom of the career offender range, *United States v. Jackson,* 751 F.3d 707,

3

Under the version of § 2D1.1 in effect at the time of sentencing, Gunter's base offense level for the drug offense was 31; that would be reduced to 29 pursuant to Amendment 782. However, Gunter was a career offender, based on his prior convictions for other offenses, and accordingly his base offense level was increased to 34 pursuant to § 4B1.1(a). That enhancement is unaffected by the recent guideline amendment, and Gunter's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the courts shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1).

Therefore, Gunter is not eligible for any relief under § 1B1.10 of the amended guidelines. The Circuit Court has addressed the career offender scenario and concluded that relief is not available. Accordingly, we ask that this Court deny his motion.

    Respectfully submitted,

    CARTER M. STEWART
    United States Attorney

    *s/Kenneth L. Parker*
    KENNETH L. PARKER (0068805)
    Assistant United States Attorney
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711
    Fax: (513) 684-2047
    Kenneth.Parker@usdoj.gov

---

711-12 (6th Cir. 2014), consistent with the view of all other appellate courts.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 18th day of September, 2015, by regular U.S. mail on Richard B. Gunter, #43063-061, FCI Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808.

*s/Kenneth L. Parker*
KENNETH L. PARKER (0068805)
Assistant United States Attorney